IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL W. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 07-cv-0210-MJR-DGW |
| | ) |
| W.A. SHERROD, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

REAGAN, District Judge:

  A. **Introduction**

  In the Spring of 2007, while confined at FCI-Greenville (within this Judicial District), Michael W. Smith filed the above-captioned habeas action under 28 U.S.C. § 2241. Smith contends that the Bureau of Prisons (BOP) failed to credit against his prison term time spent in a Missouri state detention facility prior to imposition of his federal sentence. Smith exhausted his administrative remedies on the issue of prior custody credit. The Court enjoys subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, and this fully-briefed matter is ripe for adjudication.

  Smith named Sara Revell (the Warden of FCI-Greenville, Smith's place of confinement on the date he filed the petition) as Respondent. Revell has since transferred from FCI-Greenville. The current Warden of FCI-Greenville is W.A. Sherrod. Therefore, the Court now **DISMISSES** Revell and **SUBSTITUTES** Sherrod as Respondent herein.

### B.    Analysis

Resolution of Smith's habeas petition starts with an overview of several sentences imposed against him in federal and state court. These are not *all* of Smith's prior convictions and sentences. The Court focuses herein on the convictions and sentences germane to this habeas petition.   Several of the relevant charges and sentences overlap, leaving a circuitous chronology of arrests, convictions, and sentencings.

On January 22, 2004, St. Louis city police officers executed a search warrant at Smith's residence. They found heroin, crack cocaine, drug paraphernalia, and a rifle. The St. Louis police officers arrested Smith on narcotics charges and took him to a Missouri jail. Before those charges were disposed of in the Circuit Court of St. Louis, Missouri, additional events transpired.

As to the firearm located in the January 2004 search, Smith was indicted in the United States District Court for the Eastern District of Missouri in April 2005. Smith was taken into temporary federal custody pursuant to a writ of habeas corpus ad prosequendum and had an initial appearance in the Eastern District of Missouri on July 18, 2005 on the federal firearm charge. In the meantime, other charges had ensued.

On <u>August 4, 2004</u>, Smith was sentenced in St. Louis Municipal Court to 29 days in jail on a charge of petty larceny (Docket No. D000541250-7). *See* Doc. 14 at p. 12. On the same date and in the same court, Smith was sentenced to 29 days in jail on a separate charge ("No State Operator License," Docket No. 99119574105). *Id.* at p. 13.

On December 5, 2005, the Assistant Circuit Attorney in St. Louis nolle prosequied the January 2004 narcotics charges. *See* Doc. 13-2, p. 13. That disposition did not affect the federal firearm case (which was still pending in the Eastern District of Missouri). Plus Smith had an intervening sentence in an unrelated case between the time he pled guilty to and was sentenced on the federal firearm charge.

On December 8, 2005, Smith was sentenced in the Circuit Court of St. Louis County, Missouri in Case No. 029-3332 (domestic assault 3rd degree) to 355 days in jail. *See* Doc. 13-2, p. 15; Doc. 14, p. 12. Because Smith had already been incarcerated *more than* 355 days (he had been in state custody for 687 days at that point, since his January 22, 2004 arrest), he was released by state authorities that day (December 8, 2005) on "time served" – released to the custody of U.S. Marshals.

Ultimately, Smith pled guilty to the federal gun charge (possessing a firearm in furtherance of a drug trafficking crime). On January 30, 2006, the Honorable Stephen N. Limbaugh of the United States District Court for the Eastern District of Missouri sentenced Smith to 120 months in prison, followed by 3 years of supervised release. Judge Limbaugh ordered the 120-month term of imprisonment to run concurrently with the December 2005 prison term from St. Louis Circuit Court (Docket No. 029-3332). *See* Doc. 13-2 at p. 3. The effect of Judge Limbaugh's directive (for the sentences to run concurrently) lies at the heart of this habeas proceeding.

As noted above, Smith received his federal sentence from Judge Limbaugh on January 30, 2006. He remained in federal custody and was delivered to the BOP on

February 21, 2006. The BOP calculated Smith's sentence to commence on the date it was imposed by Judge Limbaugh (January 30, 2006).

Initially, the BOP gave Smith "prior custody credit" for December 9, 2005 to January 20, 2006 (52 days). Via a series of motions, administrative complaints, and other entreaties,[1] Smith succeeded in getting the BOP to review and increase his **prior custody credit to 384 days** (representing the period from January 11, 2005 to January 29, 2006). *See* Doc. 13, p. 3, fn. 2; p. 4, and attachments thereto.

Smith contends that the BOP has not credited him enough time and has not complied with Judge Limbaugh's directive for concurrent sentences. Indeed, Smith asserts that the BOP has "ignored" Judge Limbaugh's order to credit against the 120-month federal sentence all time "spent in custody between ... state sentence and federal sentencing," thereby "unilaterally ... increasing" Smith's sentence. *See* habeas petition, Doc. 1, pp.4-7. Put another way, the BOP has credited Smith for **384 days** in custody prior to his federal sentence (*see* Doc. 13, p. 3, n. 2; Doc. 13-1, p. 6), but Smith claims entitlement to credit for **739 days** – the entire time from January 22, 2004 to January 29, 2006.[2]

---

[1] These included a motion in Missouri federal court before Judge Limbaugh and contact between the U.S. Probation Office, the BOP, and officials at FCI-Greenville. Despite the muddy and confusing record, one thing is clear, the BOP ultimately credited Smith with 384 days of prior custody.

[2] Smith believes his credit should start the day he was taken into custody by St. Louis city officers on the Missouri narcotics charges – January 22, 2004. He was not indicted on the federal firearm charge until April 20, 2005.

Smith asks this Court to award him that prior custody credit via 28 U.S.C. 2241. Of course, a district court has no power to award credit for time served before a federal sentence was imposed. That authority rests solely with the BOP. **United States v. Wilson, 503 U.S. 329, 334-35 (1992)("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").** But a district court – via 28 U.S.C. 2241, filed by the defendant in the district of his incarceration – can *review* the BOP's ruling on an inmate's request for presentence credit. **United States v. Koller, 956 F.2d 1408, 1411 (7th Cir. 1992).**

The BOP grants credit for time served before sentencing under 18 U.S.C. 3585. Two sub-parts of § 3585 govern the BOP's sentence computation – (a) the date the sentence starts, and (b) how much prior custody credit should be granted against the sentence.

**Section 3585(a)** provides that a sentence commences on the date the defendant is received in custody for transportation to (or voluntarily arrives at) the facility where his sentence is to be served. In the instant case, the BOP correctly determined that Smith's sentence commenced on January 30, 2006.

**Section 3585(b)** mandates that a defendant "shall be given credit" for time spent in official detention prior to the date the sentence commences "that has not been credited against another sentence." Here, as is more fully described below, the BOP correctly determined that Smith could *not* be given credit for the 355-day domestic assault sentence, because those days had already been credited against another of Smith's sentences.

On December 8, 2005, Smith was sentenced in St. Louis Circuit Court to 355 days in jail for domestic assault. Because Smith already had been confined more than 355 days (since his January 22, 2004 arrest), he was released by state authorities that day on time served. Those 355 days in state custody were credited against his state sentence and could not *also* be credited by the BOP against his federal sentence. Section 3585(b) leaves no room for doubt that time previously counted toward a state sentence cannot also be counted toward a federal sentence. *See Wilson*, **503 U.S. 333 ("The final phrase of § 3585(b) ... authorizes credit only for time that 'has not been credited against another sentence.'").**

So, in January 2006 when Judge Limbaugh directed that Smith's federal sentence be served concurrently (i.e., simultaneously) with Smith's 355-day state domestic assault sentence, this was impossible. The state sentence expired before the federal sentence was imposed, so there was nothing for the federal sentence to run concurrent "with," and the BOP could not credit the 355 days twice. As the Court of Appeals for the Seventh Circuit explained in *United States v. Ross*, **219 F.3d 592, 594 (7th Cir. 2000):**

> Even if the BOP had desired to effectuate the sentencing court's intent, it could not have done so because § 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied to another sentence. *See United States v. Walker*, **98 F.3d 944, 945 (7th Cir. 1996).** And here, the state obviously was giving [petitioner] credit for his time served in state prison on a state sentence.

Stated simply, Judge Limbaugh's order for concurrent sentences neither entitled nor permitted the BOP to credit Smith for the 355 days spent in the Missouri

correctional facility, because Smith already received credit from Missouri for those same 355 days. Thus, the BOP's failure to credit Smith these 355 days (on top of the 384 days already credited towards his federal sentence) does not support the grant of habeas relief under 28 U.S.C. § 2241.

### C. Conclusion

Smith's habeas petition challenges the BOP's denial of credit for 355 days spent in state custody prior to his January 2006 federal sentence imposition. The BOP correctly determined that 18 U.S.C. 3585(b) prohibits giving credit for those days, in that they already were credited against Smith's prior state sentence. Smith has identified no grounds for habeas relief, and the Court hereby **DISMISSES** Smith's habeas petition.[3]

IT IS SO ORDERED.

DATED December 22nd, 2009.

*Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge

---

[3] Smith's current projected release date (via good conduct release) is Dec. 8, 2013.